AUSTIN, NICHOLS & CO. *et al. v.* UNITED STATES (No. 1274).[1]

TARE, WHAT NOT—WATER IN TINS.

The merchandise is beans, pease, and mushrooms in tins. The collector included the weight of the water in the tins to determine the weight of the goods. The water was designedly placed in the tins as a preservative of the contents, and is common to the condition of importations of this kind. By paragraph 251, tariff act of 1909, this method of packing was recognized, and the weight of the tins, with their contents, constitutes dutiable weight, and no allowance for tare can be made.—Shallus *v.* United States (1 Ct. Cust. Appls., 316; T. D. 31408).

## United States Court of Customs Appeals, February 27, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33519 (T. D. 33732).

[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

This case involves two appeals, one by Austin, Nichols & Co. and the other by the Neuman & Schwiers Co. (Inc.).

The merchandise is beans, pease, and mushrooms in tins. The contents were found by the Board of General Appraisers to vary in weight from about one-half kilogram to about 2 kilograms, according to the size of the tins, and the correctness of this finding is not disputed. The tins appear to be of the sizes in which such merchandise is commonly handled and sold to consumers and in that form has been the subject of merchandising for more than eight years. Generally speaking, the record shows that the tins containing pease and beans contain about one-fourth to two-thirds as much water in weight as pease or beans, while those containing mushrooms have about the same weight of water as mushrooms. The evidence also shows that the tins in all cases are completely filled. It appears without contradiction that water is put in at the time the vegetables are placed in the tins for the purpose of helping to preserve the contents. The contents are then sterilized and the cans hermetically sealed. In some, if not all, instances the mushrooms are at least partially cooked before being placed in the tins. It appears in the Austin, Nichols & Co. case that, when the beans and pease are consumed, the water in the tins is used with the contents; in the Neuman & Schwiers Co. case the contrary appears; and in both cases the evidence shows that the water in the tins containing the mushrooms is not consumed.

The collector included the weight of the water in determining the weight of the merchandise—*i. e.,* the weight of the tins and their

---

[1] Reported in T. D. 34250 (26 Treas. Dec., 410).

contents, beans, pease, or mushrooms as the case might be—and the water was used as the basis of assessing duty according to weight at 2½ cents per pound under paragraph 251 of the tariff act of 1909.

The importers protested, claiming that the weight upon which duty was assessed was too great and that the weight of the water should be deducted as tare from the weight of the contents of each tin and duty taken on only the net weight of the beans, pease, or mushrooms therein; and, if the weight of the water was properly included in the dutiable weight, that such water was the immediate covering of the merchandise and the weight of the tins should not be included in the dutiable weight.

The cases were heard and decided together by the board and the protests overruled. The Government called no witnesses. In substance the board found that the water in the tins containing the beans and pease was edible and formed a part of the dutiable contents of the can; that as to the mushrooms it was not so; that all these tins were small and bought and sold as an entirety; that in view of the provisions of paragraph 251, if it were held that the water in the tins containing the mushrooms was not included in the dutiable weight, it would result in holding that two classes of mushrooms, one in tins, etc., and the other sliced or dried, would pay duty at the same rate, which it thought was not the intent of the paragraph.

Paragraph 251 reads as follows:

251. Beans, pease, mushrooms, and truffles, prepared or preserved, or contained in tins, jars, bottles, or similar packages, two and one-half cents per pound, including the weight of immediate coverings; mushrooms, cut, sliced, or dried, in undivided packages containing not less than five pounds, two and one-half cents per pound.

We are of the opinion in view of the language of this statute that the words "immediate coverings" therein used do not relate to any liquid in which the merchandise may be immersed for the purpose of preserving the same, as appears in this case. The ordinary meaning of the word "covering," which it is unnecessary to discuss, would seem to negative this claimed meaning and the paragraph itself evidently relates the words "immediate coverings" to the immediate containers, such as tins, jars, bottles, and other similar packages thereinbefore mentioned, the weight of which, it is declared, shall be included in the dutiable weight.

The case therefore resolves itself to the question of whether the weight of the water should be included in determining the dutiable weight of the importations.

Several cases are cited by the importers as tending to support their claim that this should not be done. We have examined them all, but in view of the different phraseology of the paragraphs involved and the nature of the merchandise think they are not controlling and do not need discussion.

Paragraph 251 relates to certain merchandise "prepared cr preserved, or contained in tins," and it will be noted that the evidence, though somewhat meager, shows that the water is used in preparing these vegetables and preserves them. Of course, it is true to a greater or less extent that the water has permeated all these vegetables and has in turn become more or less impregnated with their juices.

In Shallus *v.* United States (1 Ct. Cust. Appls., 316; T. D. 31408) this court, by De Vries, Judge, somewhat exhaustively discussed the question of tare, and it was said that—

Tare should be allowed only in such cases where its presence was uncommon to the condition of the merchandise as ordinarily dealt in in trade and commerce. * * * The ordinary impurities of merchandise do not constitute tare, but the extraordinary impurities, such as are uncommonly present in the merchandise as bought and sold in trade and commerce, are alone the subject of allowance for dutiable purposes.

This principle was affirmed in United States *v.* Baker (2 Ct. Cust. Appls., 338; T. D. 32076).

In Vitelli *v.* United States (3 Ct. Cust. Appls., 171; T. D. 32460) the authorities were again carefully reviewed by Montgomery, Presiding Judge, and the rule laid down in the first-mentioned case adhered to. This case involved the importation of garlic bulbs and the stalks or tops to which they grew, and it was claimed that the bulbs only were dutiable and that the tops or stalks should be treated as tare. It appeared, however, that the garlic in its imported condition was an article of trade and commerce, that the stalks served to preserve the bulb and was sold as a part of the garlic to consumers. The claim that the stalks or tops should be treated as tare was denied.

In the case at bar the water in which the merchandise is immersed is a foreign substance, and in that sense might be said to be an impurity; but it is, nevertheless, placed there as a preservative and is common to the condition of such merchandise in importations of this character. The presence of the water is not the result of accident or of insufficient cleaning, but of design, and some of it, at least, from necessity in this method of merchandising, because some water must be placed in the tins in order that the contents may be sterilized.

The tins and contents are as entireties the subject of trade and commerce, and as such go to the consumers.

By paragraph 251 we think Congress intended to recognize this method of preparing, preserving, transporting, and merchandising pease, beans, and mushrooms, that the weight of the tins with their contents constitutes the dutiable weight of the importations, and that no allowance for tare of the kind claimed here may be made.

We find no error in the judgment of the Board of General Appraisers, and it is *affirmed.*