JOHNSON CO. v. UNITED STATES (No. 1524).[1]

FRUIT, CRUSHED, WITH FRUIT JUICE ADDED.

Crushed pineapple, to which has been added the juice of other pineapples, is not dutiable under paragraph 274, tariff act of 1909, as "pineapples preserved in their own juice." It is a mixture of two articles, one of which is dutiable under paragraph 274 as "pineapples preserved in their own juice," and the other under paragraph 310 as "other fruit juices." There being no claim, however, of such a tariff status, and no showing as to how the relative quantities of the component parts may be ascertained, the board properly assessed it as "other fruit juices" under paragraph 310.

---

[1] Reported in T. D. 36118 (30 Treas. Dec., 139).

United States Court of Customs Appeals, January 22, 1916.

APPEAL from Board of United States General Appraisers, Abstract 37320.
[Affirmed.]

*Walden & Webster* (*Henry J. Webster,* of counsel) for appellant.

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in this case was invoiced as "100 cases standard crushed pineapples preserved in their own juice," and was assessed for duty under paragraph 310 of the tariff act of 1909, which reads in part as follows:

310. Cherry juice and prune juice, or prune wine, and other fruit juices, and fruit sirup, not specially provided for in this section, containing no alcohol or not more than 18 per centum of alcohol, 70 cents per gallon. * * *

The importer contended before the Board of General Appraisers and contends here that the merchandise is properly dutiable under paragraph 274 of said act, either directly or by reason of the similitude clause, or the mixed-material clause, of paragraph 481.

Paragraph 274, so far as material, reads:

274. * * * Pineapples preserved in their own juice, not having sugar, spirits, or molasses added thereto, 25 per centum ad valorem.

The contention of the importers was overruled and the case appealed to this court.

The facts in the case are not much in dispute. The evidence discloses that the product as introduced consists of crushed pineapple and pineapple juice, the latter constituting in quantity about three-fourths of the entire article. It is imported in cans, and when poured from a hermetically sealed can into a glass jar and allowed to settle it shows that the lower portion of the importation contains crushed pineapple, but the upper portion, consisting of at least one-half, contains no pineapple whatever, but is to all appearances, and undoubtedly is in fact, the juice expressed from pineapples.

It also appears that pineapples, with juice expressed from the same, were the subject of importation before the present article was produced; that in such importations the crushed pineapple and the juice were commingled and the pineapple was found throughout the substance in its own juice. In the present case the evidence shows that an article of precisely the same composition is prepared from pineapples, and that thereafter an equal amount of juice expressed from other pineapples or parts thereof is added; that on importation the can is opened by the ultimate consumer and the juice is poured or drained off and used for making a sirup and the crushed pineapple itself is devoted to another distinct purpose. The question is,

Is the imported article the article intended—pineapples in their own juice?

The contention of the importers is that without regard to the amount of juice included in the importation, so long as the pineapple is submerged in the juice of pineapple and remains the component material of chief value, it answers to the terms of this paragraph, and should be rated as pineapples preserved in their own juice.

We can not accept this interpretation of the statute. It would seem that the paragraph was framed with the idea that the juice of the pineapple performed some office in preserving the pineapple. The least that can be said is that it was designed to perform the office of holding the pineapple, either crushed or in its native form, and acting as a carrier therefor, preserving it in moisture. While it may be difficult to draw the line, it would seem clear that the juice which was in contemplation of the lawmakers and which might be used to preserve the pineapples imported under this paragraph should be such as was calculated to perform some office in relation thereto. But in this case, after the pineapples were crushed, it resulted in a mixture of pulp and juice, the juice being adapted to the purpose indicated. There was, for no apparent purpose in connection with the preservation of the pineapple, an addition of an amount equally as large in volume, perhaps larger, of clear juice expressed in another part of the mill and from skins of other selected pineapples. It appears, therefore, that to a product which fully answered the description of paragraph 274, containing all the ingredients essential or there provided for, another distinct article, dutiable under another paragraph of the tariff law, was added, making a mixture of two articles, one of which was dutiable under one paragraph and another under a distinct paragraph.

The board in its opinion suggested that, had there been a clear showing as to the relative quantity of the component parts of the mixture, duty might have been assessed under one paragraph as to a portion and under the other as to the remainder. But apparently the importers' counsel does not rely upon any such claim, and, as the finding of the board was that such division was impossible under the testimony, we need not inquire as to whether this would be a proper case for the application of such a rule. The importers insist, and the Government's counsel agrees, that the article as imported is to be treated as an entirety, and dutiable or not dutiable as such.

As the importers have failed to furnish any testimony upon which any separation of the goods for tariff purposes may be potentially made, we think the case falls within the reasoning of United States v. Ranlett (172 U. S., 133), and that the importation should pay the higher rate of duty under paragraph 310. The decision of the board to that effect is *affirmed.*