PEABODY & Co. v. UNITED STATES (No. 2427).   PEABODY & Co. v.
UNITED STATES (No. 2531)[1]

TARE—WATER IN CANNED PINEAPPLE.

Pineapples, cut into slices and chunks and packed with water in tins, were imported to be manufactured into glacé fruit and shown to be unfit for any other use. It was shown that the water was used only to preserve the shape of the pieces of fruit and that it had no commercial value, and that the merchandise was bought and sold on the basis of the net weight of the pineapple alone. Duty should have been taken on the net weight of the pineapple only.

United States Court of Customs Appeals, May 11, 1925

APPEALS from Board of United States General Appraisers, G. A. 8794 (T. D. 40176) and G. A. 8934 (T. D. 40666), respectively

[Reversed.]

*B. A. Levett* for appellants.

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument April 20, 1925, by Mr. Levett and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Slices and chunks of pineapples put up in tins containing water, and classified by the collector as pineapples, prepared or preserved, not otherwise specially provided for, were assessed for duty at 2 cents per pound on the weight of the pineapples and water under that part of paragraph 746 of the act of 1922, which reads as follows:

746. Pineapples * * *; otherwise prepared or preserved, and not specially provided for, 2 cents per pound

The importers protested that the duty of 2 cents per pound should have been assessed by the collector upon the weight of the pineapples only and not on the combined weight of the pineapples and water in which they were packed.

The Board of General Appraisers overruled the protest, and the importers appealed.

The uncontradicted and unimpeached testimony submitted to the board establishes that the importation consisted of 505 cases of pineapples, 500 of which cases contained pineapples cut into No. 8 round slices and 5 cases of pineapples cut into No. 6 chunks; that pineapples are brought from Johore into Singapore and there cut up into No. 8 slices and No. 6 chunks; that the slices are packed

[1] T. D. 40935.

in one size of tins and the chunks in tins of a smaller size; that 5 pounds of round sliced pineapples are put up in the No. 8 tins and 3¾ pounds of chunks in the No. 6 tins; that after weighing the pineapples so placed in the tins, water is poured into each set of tins; that the tins are then boiled to sterilize the product and to prevent fermentation and rot; that the water in the tins acts as a buffer and prevents the crushing of the slices and chunks, thereby preserving their shape; that the slices and chunks of pineapple as imported are not edible and are used in this country for no purpose other than the manufacture of glacé fruits; that unless the form of the slices and chunks is preserved, they are useless for the making of glacé fruits; that the tinned chunks and slices are bought and sold on the basis of the net weight of the pineapple and that the weight of the water is not taken into account in buying and selling the commodity; that the slices and chunks of pineapple to fit them for manufacture into glacé fruits are, after importation, removed from the tins and carefully washed to clean them and for sanitary reasons; that the water in which the slices and chunks are packed, is "tinny" in flavor, has no commercial use and is thrown away by the manufacturer.

From that evidence it is evident that the water in which the fruit is packed is not a commercial commodity and is simply used to sterilize the fruit and to maintain its form in the tins. Indeed, that the water has no commercial use or value after importation is fully sustained by the fact that the water in the tins is discarded as worthless, and by the further fact that the commodity is bought and sold on the basis of the net weight of the fruit which by the way is *washed* and *cooked* after removal from the tins and after discarding the water. Water absorbed by the pineapples or condensed thereon by natural processes might well be considered as a part thereof, but water placed in tins with the fruit for the sole purpose of protecting it from damage is not, in the trade, use; or fact, either a part or a natural impurity thereof. *Newport Co.* v. *United States*, 12 Ct. Cust. Appls. 115, T. D. 40036. The case of *Nichols* v. *United States*, 5 Ct. Cust. Appls. 167, T. D. 34250, is not in point. In that case the peas, beans, and mushrooms put up with water in tins were treated by the trade and sold to the consumer as entireties. In this case pineapples in water are not so regarded by the trade and they never reach the consumer in that form.

The judgment of the Board of General Appraisers is *reversed.*