Wo & Co. ET AL. *v.* UNITED STATES (No. 2929)[1]

United States Court of Customs Appeals, December 5, 1927

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.
*Charles B. Lawrence,* Assistant Attorney General (*Reuben Wilson,* special attorney, of counsel), for the United States.

[1] T. D. 42494.

[Oral argument October 13, 1927, by Mr. Charles D. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case was classified by the collector as a nonenumerated manufactured article and assessed for duty at 20 per centum ad valorem under paragraph 1459 of the Tariff Act of 1922. The importers in their protest claimed classification under paragraph 503 of the act, and for the assessment of duty thereon at the rate applicable for sugar in sugar cane not in its natural state. The relevant part of that paragraph is for—

sugar cane in its natural state, $1 per ton of two thousand pounds; sugar contained in dried sugar cane, or in sugar cane in any other than its natural state, 75 per centum of the rate of duty applicable to manufactured sugar of like polariscopic test.

When the protest came on for hearing before the United States Customs Court the following exhibits were offered by importers' counsel, and, without objection, were received in evidence.

1. A representative sample of the importation.

2. An analysis of the merchandise.

Importers' counsel also offered, and there was received in evidence, the appraiser's report, so called by the parties, but which is in fact, as appears from the record, his answer to the protest.

It appears from said answer that the merchandise is sugar cane which has been peeled, cut to lengths, steamed and packed with sugar and water in hermetically sealed tins, and also that the merchandise is similar to that covered by the decision of this court in *United States* v. *Brown & Co.*, 9 Ct. Cust. Appls. 146, T. D 37992.

The analysis referred to is as follows:

Weight of cane in can, 15.59 avoirdupois ounces. Weight of liquid in can, 6.61 avoirdupois ounces. Net weight of contents of can, 22.20 avoirdupois ounces. Polariscopic test of cane (per cent cane sugar) 16.3. Polariscopic test of liquid (per cent cane sugar) 18.5. Cane contains 2.54 avoirdupois ounces of cane sugar. Liquid contains 1.22 avoirdupois ounces of cane sugar.

No other evidence was offered or received.

Upon this record the Customs Court overruled the protest. Importers appealed.

In this court importers, among other things, argue that their protest is strongly supported by the case of *United States* v. *Brown, supra,* in view of the change made in the statute since that case was decided.

In that case the merchandise was classified by the collector as sweetmeats under a provision in paragraph 217 of the tariff act of 1913 for—

* * * sweetmeats, and fruits of all kinds preserved or packed in sugar, or having sugar added thereto or preserved or packed in molasses, spirits, or their own juices.

Importers there contended that it should have been classified under a provision in paragraph 178 of the same act for—

Sugar cane in its natural state, or unmanufactured.

No evidence was introduced in that case other than the official sample and the appraiser's report. It appeared that the importation was sugar cane which, after preparation by a process of steaming, had been packed with sugar and water in hermetically sealed tins. The Board of General Appraisers sustained the protest. We reversed their judgment.

It is conceded that the present tariff act contains no provision for sweetmeats, and it will be noticed that the provision for sugar cane in paragraph 178 of the act of 1913 has been changed in paragraph 503 of the present act.

Importers contend that this change in paragraph 503 must have been intended to include the very sort of processed sugar cane that is here involved. There is something to be said in favor of this contention, but we do not in this opinion assume to say whether or not it is correct.

The question here is, have the importers sustained the burden imposed upon them of showing not only that the collector's classification is wrong, but that the one for which they contend is correct.

The classification of the collector is presumably correct and implies that he found that the merchandise here was within the provision of paragraph 1459 for—

All articles manufactured, in whole or in part, not specially provided for.

Importers undertake to overthrow this classification by a sample representing the merchandise itself, by the appraiser's answer to the protest that the merchandise is sugar cane peeled, cut to lengths, steamed and packed in sugar and water in hermetically sealed tins, together with the facts shown by the analysis.

There is nothing in the report of the analyst that has any tendency to show the imported article is not manufactured in whole or in part, nor does the sample of the importation itself throw much light on that question. The appraiser's answer is wholly consistent with the collector's classification.

It was said in the opinion in *United States* v. *Brown & Co., supra*—

Moreover, as the purpose and effect of steaming the cane and packing it in sugar and water was not shown we can not safely say that such a processing of the raw material did not advance it to the status of a manufacture by fitting it for a use for which in its untreated condition it was wholly unsuitable.

That conclusion is applicable here, and the additional fact that the sugar cane here has been peeled adds emphasis to its applicability.

In *United States* v. *Shing Shun & Co.*, 2 Ct. Cust. Appls. 388, T. D. 32113, this court held that the peeling of melon seeds and the roasting thereof (the roasting being implied from the allegations in the protest) brought such seeds within the category of manufactured articles.

It thus appearing that there is no fact of record which impeaches the presumed correctness of the collector's classification, what is there which, as matter of law, establishes his classification to be erroneous? The importers' contention, briefly, is that the quoted provision in paragraph 503 more specifically covers the importation. This argument assumes, in effect, that the dutiable imported article is sugar cane in other than its natural state. It is true that the sugar cane itself is in other than its natural state. The importation, however, consists not only of such sugar cane, but, as shown by the analysis, includes also a liquid, the percentage of sugar in which is greater by the polariscopic test than the percentage of sugar in the cane. The weight of this liquid is 6.61 ounces, while the weight of the cane is a little more than twice that amount, viz, 15.59 ounces in each tin or can of the importation. The actual amount of cane sugar in the liquid in each can is 1.22 ounces and in the cane 2.54 ounces. In other words, the importation is something more than sugar cane not in its natural condition. It also consists, in part, of a liquid containing a greater percentage of sugar than the cane itself.

What is done with this liquid the record does not show. If it is worthless and thrown away, the sugar cane may perhaps be regarded as the dutiable article imported. If, on the other hand, this liquid is of value and serves a useful purpose, a different conclusion may follow. We are not informed how much sugar was, in fact, used in packing the cane. Whether some of the sugar in the cane was withdrawn therefrom by the liquid or whether the amount of sugar in the cane was increased by absorption from the liquid is not disclosed. Information as to some or all of these facts, it seems to us, is necessary before we can say as matter of law that the importation here should be classified as contended by importers.

No error appearing in the judgment below, it is *affirmed*.