C. R. LAURENCE *v.* UNITED STATES (No. 3526)[1]

[1] T. D. 45983.

United States Court of Customs and Patent Appeals, October 31, 1932

*C. R. Laurence*, per se.
*Charles D. Lawrence*, Assistant Attorney General (*Thomas J. Canty*, special attorney, of counsel), for the United States.

[Oral argument October 14, 1932, by Mr. Lawrence; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of crin vegetal and esparto grass, imported in bales, each bale being bound with esparto grass twisted into the form of rope, was assessed for duty by the collector at the port of Los Angeles at three-fourths of 1 cent per pound under paragraph 1001 of the Tariff Act of 1922.

PAR. 1001. Flax straw, $2 per ton; flax, not hackled, 1 cent per pound; flax, hackled, including "dressed line," 2 cents per pound; flax tow and flax noils, crin vegetal, or palm-leaf fiber, twisted or not twisted, three-fourths of 1 cent per pound; hemp and hemp tow, 1 cent per pound; hackled hemp, 2 cents per pound.

Appellant admits that the crin vegetal is dutiable as assessed. He claims, however, that the esparto grass is entitled to free entry under paragraph 1582, 1622, or 1651, and that the twisted esparto grass used for binding the bales of crin vegetal and the bales of esparto grass was entitled to free entry as "tare."

Paragraphs 1582, 1622, and 1651 read as follows:

PAR. 1582. Grasses and fibers: Istle or Tampico fiber, jute, jute butts, manila, sisal, henequen, sunn, and all other textile grasses or fibrous vegetable substances, not dressed or manufactured in any manner, and not specially provided for.

PAR. 1622. Moss, seaweeds, and vegetable substances, crude or unmanufactured, not specially provided for.

PAR. 1651. Rag pulp; paper stock, crude, of every description, including all grasses, fibers, rags, waste, including jute, hemp and flax waste, shavings, clippings, old paper, rope ends, waste rope, and waste bagging, and all other waste not specially provided for, including old gunny cloth, and old gunny bags, used chiefly for paper making, and no longer suitable for bags.

On the trial in the court below appellant testified that the crin vegetal was used for upholstery purposes, and that the esparto grass could not be used for such purposes. He also stated that the esparto grass had been used for the past 30 or 40 years in "paper making." He said, however, that it had never been so used in this country; that, due to its cost, it could not be brought into the United States in a condition suitable for such use; and that he knew of no commercial uses for it in this country. He further said that the crin vegetal was a fiber and that the esparto grass was a grass.

There is considerable confusion in the plaintiff's testimony as to the material contained in the bales and the material used for binding them. However, the issues were clarified by the following statement made by counsel for the Government on the trial below:

Mr. LAWRENCE. It is admitted that all of the bales in these cases whether containing crin vegetal or esparto grass were bound up with rope like the material represented by Exhibit 2, and that such material averaged 3½ pounds in weight per bale.

"Exhibit 2" is esparto grass, twisted into the form of rope, and, except as to length, is considered by the parties as representative of the material used to bind the imported bales.

There is no evidence of record as to the commercial uses, if any, of the twisted esparto grass after importation.

The court below held that appellant had failed to establish that the esparto grass contained in the bales was free of duty under any of the paragraphs relied upon, and that he had failed to establish that the twisted esparto grass, used to bind all of the bales contained in the importation, was entitled to free entry as "tare."

The importer having conceded that the esparto grass was not used in the United States and that it was not suitable for use in its imported condition as paper stock, it is obviously not entitled to free entry as claimed by appellant under paragraph 1651. Furthermore, there is no evidence of record tending to establish that the esparto grass contained in the bales was crude or unmanufactured and nothing to show that it was not "dressed or manufactured in any manner." This being so, the importer has failed to establish that it is free of duty either under paragraph 1582 or 1622.

Article 1221 of the Customs Regulations of 1923, prescribed and issued by the Secretary of the Treasury pursuant to the provisions of section 506 of the Tariff Act of 1922, provides:

ART. 1221. *Tare.*—The net weight of merchandise dutiable by net weight, or upon a value dependent on net weight, will be determined by deducting the invoice tare, schedule tare, or actual tare from the gross weight.

The department from time to time will publish lists of tares which from experience have proved to be the average weight of coverings of certain classes of merchandise. Such tares will be known as schedule tares and may be accepted

as the tare in ascertaining the net weight of such merchandise, unless the importer requests in writing at the time of entry that actual tare be taken.

In no case shall there be any allowance for draft or for impurities, other than excessive moisture and impurities not usually found in or upon such or similar merchandise.

We have been unable to find any "schedule tare" for the involved merchandise, nor was tare specified in the invoices.

There is no evidence of record tending to establish that the twisted esparto grass, used to bind the bales of crin vegetal and the bales of esparto grass, served only as a binding for the bales and had no other commercial uses, nor that it was considered as tare and allowances made for it in ordinary commercial transactions. Furthermore, although the importer testified that the esparto grass could not be used for upholstery purposes and that the crin vegetal was used for such purposes, there is no testimony tending to establish that those articles did not have other like commercial uses.

The court below held that appellant failed to establish that the twisted esparto grass was exempt from duty as tare. We have reached the same conclusion. See *Shallus v. United States*, 1 Ct. Cust. Appls. 316, T. D. 31408; *United States v. Baker Castor Oil Co.*, 2 Ct. Cust. Appls. 338, T. D. 32076; *Vitelli & Son v. United States*, 3 Ct. Cust. Appls. 171, T. D. 32460; *Austin, Nichols & Co. et al. v. United States*, 5 Ct. Cust. Appls. 167, T. D. 34250.

The judgment is *affirmed*.