Foo Lung & Co. *v.* United States (No. 3523)[1]

United States Court of Customs and Patent Appeals, December 19, 1932

*Lawrence & Baldwin* (*Martin T. Baldwin* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*William Whynman* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument October 3, 1932, by Mr. Baldwin and Mr. Folks]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Graham, Presiding Judge, delivered the opinion of the court:

The appellant imported canned sugar-cane at the port of San Francisco, which was classified by the collector as unenumerated manufactured articles under paragraph 1459 of the Tariff Act of 1922. The importer protested, claiming the goods to be dutiable according to the sugar content of the cane as provided by paragraph 503 of said act; an alternative claim is made under said paragraph 1459, which, however, is not pressed and will not be considered.

[1] T. D. 46088.

The relevant portions of the paragraphs in question are as follows:

PAR. 503. * * * Sugar cane in its natural state, $1 per ton of two thousand pounds; sugar contained in dried sugar cane, or in sugar cane in any other than its natural state, 75 per centum of the rate of duty applicable to manufactured sugar of like polariscopic test.

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

The record shows, and it is admitted, that the imported goods are thus prepared: Sugar-cane in its natural state is peeled and cut into lengths varying from a length adapted to suit the length of the can down to pieces approximately one inch in length. These pieces are then cooked by steaming and packed into cans with sugar and water. These cans are then hermetically sealed and labeled and are thus imported. As thus packed the contents will be preserved indefinitely.

On the trial the record in T. D. 44052, *Chew Chong Tai & Co.* v *United States*, 57 Treas. Dec. 819, was introduced in evidence, and it was stipulated that the goods therein were similar to those involved here. In that case the record shows that the imported merchandise is sold to Chinese, who eat it with their meals and otherwise.

Two analyses of the sugar content of the imported goods in the incorporated record were made by the Government chemist and appear as Exhibits 3 and 4. In the first of these it appears that the sugar in the cane in each can averaged two ounces in weight and polarized approximately 99.9 degrees. By the second analysis it appears that the average weight of the sugar in the liquid in each can was 1.15 ounces, which also polarized approximately 99.9 degrees.

Several witnesses were called in the incorporated case and testified as to the use of the imported goods. Each of them testified that when the cans were opened the juice was not used for any purpose and was of no value but was thrown away, the cane alone being eaten. The Government made no attempt to meet this testimony.

The importer makes two contentions: First, he claims that this is sugar-cane "in other than its natural state" and hence is not only within the strict letter, but also the intent, of said paragraph 503. Second, he contends that the fluid in the cane is simply a packing material, is worthless and is thrown away, and that, therefore, the case comes within the reasoning of *Peabody* v. *United States*, 13 Ct. Cust. Appls. 80, T. D. 40935; *Von Bremen* v. *United States*, T. D. 44000, 57 Treas. Dec. 679; *Dow* v. *United States*, T. D. 44444, 58 Treas. Dec. 802; and *Lekas* v. *United States*, Abstract 17106, 60 Treas. Dec. 1226.

In the *Peabody* case, *supra*, raw pineapple was packed in tins, water was poured into the tin until the same was full, and the can was then

sterilized and sealed. The record shows that when the cans were opened, the fluid was "tinny," had no commercial value or use, and was thrown away. This court held that the duty should have been assessed upon the weight of the pineapple content alone. It will be observed that the court, in distinguishing the case then at bar from *Nichols* v. *United States*, 5 Ct. Cust. Appls. 167, T. D. 34250, called attention to the fact that in the *Nichols* case the contents of the cans were sold as entireties, while in the case then at bar the water content never reached the consumer.

In T. D. 44000 peas were packed in water which contained a negligible quantity of salt. This was used to protect the peas from injury, was useless, and was thrown away. The United States Customs Court held this packing fluid to be not dutiable, saying: "There is no provision of law for the assessment of duty upon its weight." In T. D. 44444 frozen fish were encased in a film of ice. On importation the ice was melted and the water thrown away. This ice was held to be not dutiable. In Abstract 17106, *supra*, water with a negligible quantity of salt was placed in cans of green beans, which water was thrown away after importation. The water was held to be not dutiable.

Attention is called by counsel for the appellant to our opinion in *Wo & Co.* v. *United States*, 15 Ct. Cust. Appls. 337, T. D. 42494, where similar merchandise was involved, and the same classification and the same claims were made. In holding against the claim made by the importer, we said:

* * *  In other words, the importation is something more than sugar-cane not in its natural condition. It also consists, in part, of a liquid containing a greater percentage of sugar than the cane itself.

What is done with this liquid the record does not show. If it is worthless and thrown away, the sugar-cane may perhaps be regarded as the dutiable article imported. If, on the other hand, this liquid is of value and serves a useful purpose, a different conclusion may follow. We are not informed how much sugar was, in fact, used in packing the cane. Whether some of the sugar in the cane was withdrawn therefrom by the liquid or whether the amount of sugar in the cane was increased by absorption from the liquid is not disclosed. Information as to some or all of these facts, it seems to us, is necessary before we can say as matter of law that the importation here should be classified as contended by importers.

The appellant claims to have now brought himself within the scope of the expressions used by this court in the foregoing excerpt. We are of opinion that this claim is properly made and that the protest of the importer should have been sustained.

In coming to this conclusion we have had in mind the particular language here involved. Said paragraph 503 imposes a specific duty upon *sugar-cane in its natural state;* however, upon *dried* sugar-cane or sugar-cane *in any other than its natural state* the duty is imposed upon

the sugar content. The words "in any other than its natural state" are broad and include the product now before us in view of the evidence in the case.

The judgment of the United States Customs Court is *reversed* and the cause is *remanded* for further proceedings in conformity herewith.