(C. D. 627)

A. SPAETH & CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 1, 1942)

*Jordan & Klingaman* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Alfred A. Taylor, Jr.,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is an action against the United States in which the plaintiff seeks to recover a portion of the duties imposed upon an importation of merchandise from The Netherlands described on the invoice as "five cases of sugarcandy, confectionery" and in the body of the invoice as "5 cases each cont. 50 boxes of 2 lbs. COLORITA (Plain Chocolate)." Duty was assessed thereon at the rate of 40 per centum ad valorem under authority of paragraph 506 of the Tariff Act of 1930, as confectionery. It is claimed by the plaintiff that the merchandise is dutiable at the rate of 20 per centum ad valorem as chocolate, sweetened, under paragraph 777 (b) of the same law as

modified by the trade agreement between the United States and The Netherlands published in T. D. 48075.

We quote the respective provisions of the law as follows:

PAR. 506. Sugar candy and all confectionery not specially provided for, 40 per centum ad valorem; sugar after being refined, when tinctured, colored, or in any way adulterated, 40 per centum ad valorem, but not less than the rate of duty provided in paragraph 501 for sugar of the same polariscopic test.

PAR. 777 (b) Cocoa and chocolate, sweetened, in bars or blocks weighing ten pounds or more each, 4 cents per pound; in any other form, whether or not prepared, 40 per centum ad valorem.

(T. D. 48075)

| Tariff Act of 1930; paragraph | Article | Rate of duty |
|---|---|---|
| 777 (b) ------ | Cocoa and chocolate, sweetened:<br>In bars or blocks weighing ten pounds or more each -------------------------<br>In any other form, whether or not prepared, valued at 10 cents or more per pound. | 2¢ per lb.<br>20% ad val. |

Plaintiff introduced the testimony of one witness, the president of the importing corporation, who identified a sample of similar merchandise which was admitted in evidence as exhibit 1. From an examination of said exhibit we find that the merchandise consists of rather large, flat pieces of chocolate or confectionery made to represent pansies, and other flowers, the center portion of which is made in imitation of the stamens of the respective flowers and is in colors, such as pink, yellow, tan, etc. The witness described the business of the plaintiff corporation as that of importing chocolates and candies. His experience as a manufacturer of candies extended over a period of 19 years during which time he bought materials used in making the products which he manufactured. He stated that exhibit 1 is a sample of merchandise which has been specially prepared by shellacking in order that it will keep during the summertime and with the exception of the shellac the sample is like the commodity imported, and is in the original box. The ingredients of the imported article consist of chocolate, cocoa butter, and sugar and the colored portion on the top consists of cocoa butter plus vegetable coloring; the cocoa butter content representing about 5 per centum on a hundred pounds. The article is known in this country by the name "Kwatta," Colorita chocolate, which name appears on the box. The witness described the process of manufacture as "just like every chocolate, cocoa butter, sugar, and then it is put in molds." He stated that the colored cocoa butter is first placed in the bottom of the mold and then the chocolate is poured around it.

It has been held that a sample is a potent witness. *United States v. Halle,* 20 C. C. P. A. (Customs) 219, T. D. 45995; *United States v. Halle,* id. 281, T. D. 46077; *United States v. May Department Stores Co.,* 16 Ct. Cust. Appls. 353, T. D. 43090; *United States v. Bernard, Judae & Co.,* 18 C. C. P. A. (Customs) 68, T. D. 44029. From an inspection of the sample in evidence it would appear that it is that type of chocolate known as chocolates, chocolate candy, or confectionery,· and is distinguished from the various kinds of chocolate in cakes or bars. As was said by this court in the case of *Herzog & Co. v. United States,* T. D. 43666, 56 Treas. Dec. 435:  ·

The question as to what determines the point at which confectionery ceases to be such and becomes chocolate has been dealt with on several occasions by this court and the court on appeal. The general trend of the decisions indicates that when the commodity can be classified as chocolate such classification should prevail regardless of the form of the commodity, but when anything is mixed with it so that it is taken out of the classification of chocolate (and that we take to mean chocolate in its broadest sense) the concession made to chocolate ceases and the general term confectionery, which signifies the difference between 50 per centum and 17½ per centum, indicates that the dividing line between the two commodities should be carefully drawn. There is no reason for a construction ·which will allow chocolate to be imported and pay a duty of only 17½ per centum while as a matter of fact it is confectionery, treated as such, bought and sold as such.

That case arose under the Tariff Act of 1922 and involved various types of chocolate confectionery containing from 2.7 to 9.8 per centum of nuts.

The provision for chocolate as it appeared in the Tariff Act of 1922 was as follows:

PAR. 775. Chocolate and cocoa, sweetened or unsweetened, powdered, or otherwise prepared, 17½ per centum ad valorem, but not less than 2 cents per pound; cacao butter, 25 per centum ad valorem.

This provision was changed when paragraph 777 of the Tariff Act of 1930 was enacted, to read:

PAR. 777. (a) Cocoa and chocolate, unsweetened, 3 cents per pound, on net weight.

(b) Cocoa and chocolate, sweetened, in bars or blocks weighing ten pounds or more each, 4 cents per pound; in any other form, whether or not prepared, 40 per centum ad valorem.

(c) Cacao butter, 25 per centum ad valorem.

Confectionery is defined in Webster's New International Dictionary as:

1. Sweetmeats, in general; things prepared and sold by a confectioner; confections; candies.

In the case of *W. X. Huber Co. v. United States,* Abstract 45794, the court held that sweetened chocolate containing an admixture of 29.8

per centum of nuts, almonds, and honey was properly classified as confectionery. Likewise in *Penn Importing Co.* v. *United States*, Abstract 16991, 60 Treas. Dec. 1207, chocolate containing not more than 3.6 per centum of nuts was held to be dutiable as confectionery.

Plaintiff in its brief cites the case of *Arthur* v. *Stephani*, 96 U. S. 125; 24 L. ed. 771, as authority for the holding that a commodity which is substantially sweetened chocolate is dutiable as such even though it may be put up so as to be used in the same way as confectionery. An examination of that decision will reveal that the commodity there involved consisted not only substantially but entirely of chocolate with no added ingredient, imported in half-pound boxes each box containing thirty-six little bricks, each brick being done up in a separate paper wrapping. There was no question of any other ingredient added to the chocolate in that case.

In the instant case we have a presumption of correctness attaching to the collector's finding that the commodity is confectionery. That presumption carries with it the further presumption that the collector has found all the necessary facts to enable him to classify the goods in question as he did. *United States* v. *R. Hiller's Son Co., Inc.*, 16 Ct. Cust. Appls. 103, T. D. 42762; *United States* v. *Sandoz Chemical Works*, id. 392, T. D. 43119; *United States* v. *Fenton Co.*, id. 418, T. D. 43134; *Wo & Co.* v. *United States*, 15 Ct. Cust. Appls. 337, T. D. 42494; *United States* v. *Barker Bros. et al.*, 17 C. C. P. A. (Customs) 6, T. D. 43310. The burden of proof is upon the plaintiff to overcome that presumption. As stated above, the proof shows that the commodity contains an added ingredient, i. e., cocoa butter which has been colored with vegetable coloring matter. Plaintiff points out that this cocoa butter is a material found in chocolate rather than some substance foreign to it, like nuts, and is small in amount. Even conceding this to be true, the cocoa butter is an added material and has been superimposed on the flower forms by way of ornamentation, and it is the opinion of the court that by means of such addition the resemblance to the flower which the various pieces are intended to represent is heightened.

In view of the evidence, taken in connection with the appearance of the sample and the absence of proof as to how the merchandise is bought and sold, we find that the commodity is confectionery properly dutiable as assessed at 40 per centum ad valorem under paragraph 506, *supra*.

Judgment will therefore be rendered for the defendant. It is so ordered.