BEFORE THE THIRD DIVISION, JULY 24, 1947

**No. 51855.**—W. X. Huber Co. *v.* United States, protest 953440–G (Los Angeles).

CLINE, Judge: This is a suit against the United States arising at the port of Los Angeles in which the plaintiff seeks to recover a portion of the duty assessed upon preserved pineapples packed in cans. Duty was assessed under the provisions of paragraph 747, Tariff Act of 1930, as "Pineapples * * * otherwise prepared or preserved, and not specially provided for, 2 cents per pound." The collector based his assessment upon a net weight of 24,300 pounds. The plaintiff claims that duty should have been assessed on the basis of the actual weight of the pineapples, exclusive of the sirup.

The invoice and entry papers disclose that each of the 400 cases imported contained 56½ pounds of pineapples, the entered total weight of which was 22,600 pounds. A chemical laboratory report of the United States customs laboratory, admitted in evidence as exhibit 1, discloses the weight of the drained fruit as 15.87 ounces per can, and the weight of the sirup as 10.51 ounces, or a total weight of the contents of a can as 26.38 ounces, equal to 1 pound 10.38 ounces. An official notation appearing upon the invoice reads—"Chemist only weighed one can hence his weight not representative." The examiner noted upon the invoice that there were 36 cans per case and that each can weighed 1 pound 11 ounces per net contents. The total weight of the shipment upon such basis would be 24,300 pounds, the weight the collector used as a basis of his assessment of duty.

At the trial the examiner who passed upon the merchandise testified for the plaintiff that it consisted of sliced, ripe pineapple, packed in a sirup liquid containing sugar and a certain quantity of pineapple juice. He stated that he arrived at the weights reported on the invoice by weighing a number of cans from each case; then by opening one can and emptying the contents he obtained the tare of the can. By calculating the average gross weights of the cans he had weighed, and subtracting therefrom the tare weight of the one can, he obtained the weight of the net contents. He did not, however, weigh the drained pineapple separate from the juice in which it was packed.

According to plaintiff's counsel, the importer of the merchandise was called to testify for the sole purpose of establishing that the juice is not part of the weight of the pineapple and was used solely as a preservative and is frequently discarded. The witness testified that the pineapple in question was imported from Singapore and is smaller than the usual pineapple. Because of its size, it is cut in what is called spiral cuts so each slice as it appears in the can is more than one cross-section. The pineapple is packed in the cans in slices one on top of the other in a liquid. In selling the merchandise a few cans are cut open so customers may see the contents and the buyers usually taste the fruit, but the witness could not recall that anyone ever tasted the juice in sampling the product. He was not certain what was done with the juice generally but the buyers sampling the pineapple threw it away so far as he knew. In his opinion, the pineapple was sold for the fruit and not for the juice. He was also of the opinion that when the can is opened by the consumer the sirup is not necessarily eaten with the pineapple, but it is necessary for the preservation of the fruit until it is eaten. The witness further testified that he was of the opinion that when he displayed the cans to the buyers, they bought the cans on the basis of the quantity of the pineapple contained therein, exclusive of the juice. He admitted, however, that they buy the pineapple in cans to resell and not to eat and that he sold only to the trade and never followed through to consumption. Testifying generally concerning canned pineapple, the witness had seen it served with the juice in the same plate and he had also seen the pineapple eaten and the juice left on the plate.

Counsel for the plaintiff contends that the pineapples are dutiable on the basis of the net weight of the fruit, exclusive of the liquid contained in the can. Many cases are cited in support of such contention. It is further contended that the drained net weight of the pineapple, as found by the Government chemist, is the presumptively correct weight applicable to the entire shipment.

The Government contends that the pineapples are properly dutiable upon the basis of the net weight of the contents of the cans and the plaintiff has failed to establish that the pineapples are of such character as are dutiable upon their drained weight. It is further contended that the plaintiff has failed to establish that the drained weight of the pineapples, as reported by the Government chemist, is representative of the entire shipment in question.

We have carefully examined the decisions cited and relied upon by the plaintiff. It is most apparent that the plaintiff has failed to bring the pineapples at bar within the rule announced by the courts as governing the assessment of duty upon the weight of the contents of containers, exclusive of the weight of liquids and other materials also contained therein. In *Peabody & Co.* v. *United States*, 13 Ct. Cust. Appls. 80, T. D. 40935, canned pineapple contained water placed in the tins for the sole purpose of protecting it from damage, and it was established that it was not, in the trade, use, or fact, either a part of the pineapples or a natural impurity thereof; that the water had no commercial use or value after importation. It was discarded as worthless and the pineapples there in question were bought and sold on the basis of the net weight of the fruit. In *Alex Stokby et al.* v. *United States*, 4 Cust. Ct. 343, C. D. 358, eleven witnesses testified for

the plaintiff to the effect that the jellylike material surrounding the canned hams is discarded when taken from the containers and that it is not generally sold to consumers as a part of the hams. In *Von Bremen, Asche & Co.* v. *United States,* 57 Treas. Dec. 679, T. D. 44000, the canned peas were packed in water containing small portions of salt and sugar. It was established that such packing was necessary to protect the peas against injury, and that the water was poured off and thrown away as useless by the ultimate consumer. In *Von Bremen, Asche, De Bruyn, Inc.* v. *United States,* 64 Treas. Dec. 269, T. D. 46643, relative to pimientos packed in liquid in hermetically sealed cans, the witnesses were all experienced in the use of the merchandise and were agreed that the liquid was in practice always discarded. Chefs also testified that it was their practice to discard the liquid. The court was of the opinion that the weight of the testimony established that as a general practice the liquid was discarded. In *Edenfruit Products Co.* v. *United States,* 10 Cust. Ct. 134, C. D. 737, the raw pineapple cores, imported in cans containing a solution of water and sulphur dioxide, were held dutiable on the basis of the net weight of the pineapple cores upon proof that when imported the pineapple cores are not edible and have to be processed by removing the liquid and running fresh water through the cores for 24 hours to wash out the sulphur dioxide, and then subjecting the cores to steam boiling and processing with a sugar solution, and drying before preparing the same for confectionery use. In *Lekas & Drivas* v. *United States,* Abstract 17106, affirmed in *Same* v. *Same,* 19 C. C. P. A. 389, T. D. 45523, involving green beans imported in cans and also containing a liquid, it was established by the evidence that the water or juice in the cans was not used and that upon opening the cans the water was thrown out. In *Foo Lung & Co.* v. *United States,* 20 C. C. P. A. 316, T. D. 46088, the preponderance of evidence supported the contention that upon opening cans of sugarcane the juice was not used for any purpose and was of no value. In *United States* v. *E. W. J. Hearty, Inc.,* 31 C. C. P. A. 106, C. A. D. 257, the weight of the evidence overwhelmingly supported the importer's contention that the broth and agar in each can of chicken breasts is merely a packing material which in commercial practice is discarded upon opening the can.

In *Y. Takakuwa* v. *United States,* 11 Treas. Dec. 153, T. D. 27058 (G. A. 6276), the fruit of the ume tree preserved in its own juice and salt was held dutiable under paragraph 263, Tariff Act of 1897, which provided for "fruits preserved in sugar, molasses, spirits, or in their own juices." The court also held that no allowance could be made for the liquid portion of the article as there was nothing in the language of paragraph 263 to warrant the assumption that any separation of the fruit and the preserving medium was contemplated in ascertaining dutiable weight.

The present tariff act provides for pineapples, otherwise prepared or preserved, without any reference to the preservative material. As the cases above cited indicate, duty will be assessed on the weight of the pineapples alone where the preservative material is of no use and is discarded. However, the material in the instant case appears to be the kind of juice which is ordinarily served with canned fruit and therefore must have some commercial value. There is no creditable evidence before us in the case at bar tending to establish that the liquid in the cans is discarded as worthless by the ultimate consumer. There is nothing to show that the pineapple is purchased upon the basis of the drained weight of the fruit. The sampling of cans by the wholesale customers of the plaintiff in which the pineapple was tasted and the discarding of the juice are entirely insufficient to establish that the liquid portion of the contents is habitually thrown away as of no use. It may be that the fruit and the juice should have been assessed with duty under separate paragraphs, but no such claim is made. See *Johnson Co.* v. *United States,* 6 Ct. Cust. Appls. 472, T. D. 36118. The evidence herein is insufficient to

overcome the presumptively correct classification of the collector and his assessment of duty upon the basis of the weight of the contents of the cans.

Judgment will therefore be entered in favor of the Government.