BJELLAND, LANGE & CO., INC. v. UNITED STATES (No. 4731)[1]

United States Court of Customs and Patent Appeals, November 24, 1953

*Barnes, Richardson & Colburn* (*Joseph Schwartz* of counsel) for appellant.
*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney, of counsel), for the United States.

[Oral argument October 8, 1953, by Mr. Schwartz and Mr. FitzGibbon]

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and JACKSON (retired), Associate Judges

WORLEY, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, pursuant to its decision, C. D. 1383.

Merchandise consisting of 3,000 cases of sild-sardines packed in sild-sardine oil (herring oil) was imported into this country from Norway and classified and assessed for duty under paragraph 718 (a) of the Tariff Act of 1930 as "Fish, prepared or preserved in any manner, when packed in oil or in oil and other substances, 30 per centum ad valorem." In addition, assessment was made under sections 2490 and 2491 of the Internal Revenue Code (Title 26 U. S. C.) at the rate of 1½ cents per pound. That rate of tax is a modification of section

[1] C. A. D. 545.

2491 (a), pursuant to the Icelandic Trade Agreement, T. D. 50956, from 3 cents per pound, and reads as follows:

| Internal Revenue Code Section | Description of article | Rate of import tax |
|---|---|---|
| 2491 (a)_____ | Herring oil_____ | 1½¢ per pound |

The internal revenue tax on the merchandise was assessed thereon under the provisions of subsection (c) of section 2491, *supra*. As conceded by the importer, each can of sardines contained more than 10 per centum by weight of herring oil.

No protest was made against the duty assessed under the Tariff Act of 1930.

We quote those sections of the Internal Revenue Code here pertinent:

Sec. 2490. Imposition of tax

In addition to any other tax or duty imposed by law, there shall be imposed upon the following articles imported into the United States, unless treaty provisions of the United States otherwise provide, a tax at the rates set forth in section 2491, to be paid by the importer. 53 Stat. 267.

Sec. 2491. Rate of tax

(a) Whale oil (except sperm oil), fish oil (except cod oil, cod-liver oil, and halibut-liver oil) marine-animal oil, tallow, inedible animal oils, inedible animal fats, inedible animal greases, fatty acids derived from any of the foregoing, and salts of any of the foregoing; all the foregoing, whether or not refined, sulphonated, sulphated, hydrogenated, or otherwise processed, 3 cents per pound: * * *

*       *       *       *       *       *       *

(c) Any article, merchandise, or combination (except oils specified in section 2470), 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products specified above in this paragraph or of the oils, fatty acids, or salts specified in section 2470, a tax at the rate or rates per pound equal to that proportion of the rate or rates prescribed in this paragraph or such section 2470 in respect of such product or products which the quantity by weight of the imported article, merchandise, or combination, consisting of or derived from such product or products, bears to the total weight of the imported article, merchandise, or combination; but there shall not be taxable under this sub-paragraph any article, merchandise, or combination (other than in oil, fat, or grease, and other than products resulting from processing seeds without full commercial extraction of the oil content), by reason of the presence therein of an oil, fat, or grease which is a natural component of such article, merchandise, of combination and has never had a separate existence as an oil, fat, or grease; * * *

During the course of the proceedings before the Customs Court, the record in the case of *Bjelland, Lange & Co., Inc.* v. *United States*, 38 C. C. P. A. (Customs) 53, C. A. D. 439, was incorporated. The parties in that controversy were the same as those here and it was stipulated that the merchandise was the same in all material respects.

In that case this court, through O'Connell, J., stated in part that

The amount of loose and surplus oil in a single can of the imported sardines may have been so meager that it could not have been utilized in a profitable way.

However, there were more than 6,000 kilos of oil added to the 2,444 imported cases and it was incumbent upon appellant to establish as a fact that it was neither feasible nor practicable to extract and commercially utilize the imported oil in question. *Wo & Co. et al.* v. *United States,* 15 Ct. Cust. Appls. 337, T. D. 42494; *United States* v. *E. W. J. Hearty, Inc.,* 31 C. C. P. A. (Customs) 106, C. A. D. 257; *Lincoln, Willey & Co. et al.* v. *United States,* 178 Fed. 599; *Wa Chong Co.* v. *United States,* 61 Treas. Dec. 1118, T. D. 45695; *Enbun Co.* v. *United States,* 73 Treas. Dec. 192, T. D. 49388.

The authorities hereinbefore cited hold that substances, dutiable if imported as such, are free of duty when it has been established by a proper showing that they were imported merely as preservative packing for foodstuffs and that such substances have no further use or commercial value in this country. Appellant failed in that respect.

The cases relied upon by appellant do not support its contention that herring oil is intrinsically exempt from duty when imported as packing material with sardines.

Adopting the above reasoning as a premise, the importer proceeds to argue therefrom, in the case at bar, that in order to be exempt from the internal revenue tax it is sufficient to show that the herring oil was of no commercial value in this country.

While at first blush that contention might appear to have merit, it was evaluated and we believe correctly disposed of by the Customs Court in the following manner:

Now, however, in the brief of Government counsel, defendant assumes a new position, giving to this case a materially different aspect from that reflected through any phase of the entire previous litigation on the subject. It is unfortunate that this view is presented here for the first time, and was not offered in the earlier litigation, because we find it to be clearly decisive of the issue involved.

Analyzing the collector's action and with complete support from the official papers, counsel for defendant show that the assessment of the internal revenue tax was based on that part of section 2491 (c) of the Internal Revenue Code, providing for application of the tax on "Any article, merchandise, or combination," which consists of, or is derived directly or indirectly from, one or more of the products provided for in section 2491, which includes fish oil, and by modification through the trade agreement with Iceland, 79 Treas. Dec. 79, T. D. 50956, specifically provides for herring oil. The rate to be applied under said section 2491 (c) is that proportion of the tax (1½ cents per pound herein) as the weight of the herring oil bears to the total weight of the imported article, merchandise, or combination.

Examination of the official papers discloses that the collector followed the formula, as hereinabove outlined, and applied a tax of 0.0035 cent per pound or approximately 23 per centum of the basic rate of 1½ cents per pound (the ratio that the weight of the oil bears to the total weight of the tin) to the entire weight of the shipment in question.

*Thus, we find that the internal revenue tax was not assessed on the herring oil, as such, and as plaintiff has assumed, but rather was imposed on "sardines in herring oil," which the collector adopted as the "article, merchandise, or combination," section 2491 (c), supra, upon which the tax was applicable. The official action confronts us with an entirely new proposition of law, wholly distinguishable from that presented in the Bjelland, Lange & Co., Inc., case, supra.* (Italics ours.)

Counsel for plaintiff, in their reply brief, state that defendant's "new contention" is "specious and does not stand analysis," and adhere to their proposition

that "the oil is in fact packing material" and "therefore not subject to any separate tax or duty." The argument, based on the premise that the oil is to be treated as a separate entity, overlooks the broad and comprehensive scope of section 2491 of the Internal Revenue Code, which contemplates a tax on fish oil not only when imported alone, but also when 10 per centum or more of the quantity of weight is part of an "article, merchandise, or combination." In other words, clear and unambiguous language of the Internal Revenue Code reveals a legislative intent to tax herring oil, imported as such, as well as herring oil content in another article or combination of articles.

As pointed out by the Government, the first *Bjelland, Lange & Co.* case, *supra*, appears to have been argued upon the theory that the tax was assessed upon the oil *per se* under subsection (a) of section 2491, *supra*, and that it was therefore proper to determine whether the oil thereafter became an article of commerce. Here, however, it is clear that the action of the collector in imposing the revenue tax is not upon the herring oil as such but upon sardines in herring oil, which action is clearly directed by the provisions of section 2491 (c), *supra*. Thus, the question of whether the oil as such was valuable or worthless is immaterial.

The importer accepted the tariff classification of the merchandise as "Fish, packed in oil * * *" and we believe, as did the trial court, that such acceptance conceded that the oil is regarded as a definite part of the commercial entity that was imported. The above provisions of the Internal Revenue Code provide that a duty of 1½ cents per pound shall be levied on any article, merchandise, or combination which includes fish oil in excess of 10 per centum by weight of the article. Those conditions are present here. The contention of the importer, therefore, that the tax was imposed on the oil *per se* and that the trial court erred in holding as immaterial whether the oil came in as packing material, is untenable.

We are of the opinion that the classification of the collector was correct, the action of the trial court in overruling the protest of appellant was proper, and that the judgment should be, and is hereby, *affirmed*.

WILLIAM P. COLE, JR., Judge, having participated below, disqualified himself to sit in this case and JACKSON, Judge, retired, was recalled to participate herein.